UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Carol Jane Roth,

Plaintiff,

vs. ORDER

United States of America,

Defendant. Civ. No. 02-820 (PAM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 6th day of February, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motions: 1) to amend her Complaint, in order to add a basis for the Court's jurisdiction, and to state a claim for equitable relief; 2) to deny the Government's Motion to Dismiss; and 3) to extend the pretrial schedule in order to allow the amendment to her Complaint. A Hearing on the Motions was conducted on February 5, 2002, at which time, the Plaintiff appeared by Peter M. Taylor, Esq., and the Government appeared by Mary L. Trippler, Assistant United States Attorney. For reasons which follow, we grant, in

FEB 06 2003

part, the Motions to Amend, and to allow an untimely Amendment, and we defer the Motion to deny the Government's Motion to Dismiss.

II. Factual and Procedural Background

This action was originally filed in Minnesota State Court, in order to secure a Declaratory Judgment that the Plaintiff's defaulted student loans were legally uncollectible. The Government timely removed the action to this Court, and filed a Motion to Dismiss, in lieu of an Answer, which asserted, in part, that the Plaintiff's action was not cognizable because she had failed to exhaust her remedies before the United States Department of Education, and sought only injunctive relief, which is unavailable under the Higher Education Act. See, Title 20 U.S.C. §1082(a)(2).[1] In

---

[1]In pertinent part, Section 1082(a)(2) provides as follows:

> (a) In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary may --
>
> * * *
>
> (2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district court shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and actions instituted under this subsection by or against the Secretary shall survive notwith-

(continued...)

response to that Motion, the Plaintiff sought a stay of these proceedings, in order that she could exhaust her administrative remedies, and the District Court, the Honorable Paul A. Magnuson presiding, granted that Motion.

On December 3, 2002, the administrative review of the Plaintiff's claims was concluded upon the issuance of a decision, by the Department of Education, which rejected her arguments, and concluded that her "student loan debt is legally enforceable." Hearing Decision of December 3, 2002, at p. 4. The Hearing Decision further advised that, if the Plaintiff disagreed with the decision rendered, then she could have the "decision reviewed by bringing a lawsuit in federal district court." Id. Counsel for the Government has advised that the Administrative Record, which underlies the Hearing Decision, has been filed with the Court, awaiting judicial review.

III. Discussion

In her original Complaint, the Plaintiff seeks a declaration that the amounts owed on her defaulted student loans are uncollec-

---

[1](...continued)

> standing any change in the person occupying the office of Secretary or any vacancy in that office, but no attachment, injunction, guarnishment, or other similar process * * *.

tible by virtue of the applicable statute of limitations, or because of equitable estoppel. While her original claims were subject to several missteps -- including the filing of the claim, at least ostensibly, in a State Court for a claim under Federal law; the failure to exhaust her administrative remedies before seeking judicial review, as is required by the Administrative Procedures Act, Title 5 U.S.C. §701 et seq. ("APA"); and the attempt to obtain an injunction, notwithstanding the prohibition on such relief by the Higher Education Act, Title 20 U.S.C. §1082(a)(2) -- those falterings have now, in practical effect, been rectified. As a result, the Plaintiff's current Motions seek to repair what has already been cured.

We seriously doubt that any benefit could be obtained by allowing the Plaintiff's proposed amendment -- so as either to plead a jurisdictional basis under Section 1082(a)(2) -- since the procedural posture of the case has now changed, upon the issuance of the Department of Education's Hearing Decision, and the Court's jurisdiction is not beyond dispute. The Plaintiff's legal recourse, under the APA is to sufficiently broad to provide the declaratory relief the Plaintiff requests, if that relief is warranted. See, Title 5 U.S.C. §706(2)(a)-(c).[2] Of course we understand the Plain-

[2]Section 706(2)(a)-(c) provides as follows:

(continued...)

tiff to argue that the standard of review applicable under the APA is not one she prefers, but we are not aware of any other standard which would apply. In this respect, the Plaintiff's reliance on Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988), seems somewhat misplaced. To be sure, the Court, in Bennett, held that the District Court held the requisite jurisdiction, under Section 1082 (a)(2), to declare the parties rights, but there is no showing, in Bennett, that the plaintiff, there, had exhausted her administrative remedies, or that the issue of administrative exhaustion had

---

[2](...continued)

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall --
>
> * * *
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be --
>
> (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (b) contrary to constitutional right, power, privilege or immunity;
>
> (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights.

been addressed by either the District Court or the Court of Appeals.

Here, we confront a claim that has been administratively exhausted and, if the Plaintiff does not properly effect a challenge to the Department of Educations's Hearing Decision of December 3, 2002, the Plaintiff's substantive rights could be peremptorily impacted so as to preclude any other legal challenge to the substance of the same decision. We are unable to discern what any other legal challenge would comprise, given our reading of the Plaintiff's original Complaint, but the Plaintiff offers no authority for the proposition that the mechanism of the APA is not the exclusive remedial avenue of recourse to her, and that such recourse can be supplanted by some other cause of action.[3] In the absence of authority to the contrary, or a cogent argument for the

---

[3]While admittedly involving less than perfectly analogous circumstances, we find the Supreme Court's decisions, which preclude the employment of a Bivens action, see Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), where a suitable avenue of other course to be available to the claimant, to offer some explanation for the Plaintiff's failure to offer authority that a Section 1082(a)(2), is available in lieu of the judicial review contemplated by the APA. Cf., Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001)(declining to extend Bivens claim to private governmental contractors); F.D.I.C. v. Meyer, 510 U.S. 471 (1994)(declining to extend Bivens claim to Federal Agency); Schweiker v. Chilicky, 487 U.S. 412 (1988)(declining to extend scope of Bivens claim to denial of Social Security benefits on due process grounds); Bush v. Lucas 462 U.S. 367 (1983)(declining to extend Bivens claim to Federal employee was alleged he was disciplined for exercising his First Amendment rights).

proposition, we are unable to accept that the Plaintiff has recourse to challenge the Hearing Decision, or the legal reasoning which produced that decision, by means other than APA judicial review. Accordingly, we conclude that allowing the Plaintiff to amend her Complaint, as she currently proposes, would be futile, see Foman v. Davis, 371 U.S. 178, 182 (1962), and therefore we deny that proposed amendment.

We further conclude, however, that the Plaintiff's current Complaint should be amended to reflect the relief that, by every appearance, she currently seeks; namely, the reversal of the Department of Education's determination that her student loan debt is collectible. By allowing the Plaintiff to formally amend so as to plead that request for relief, the Plaintiff will not have waived her right to judicial review, and the District Court will be presented with a specification of the bases upon which the Plaintiff seeks such a review -- be they factual or legal. While the parties' respective briefing, on judicial review, would afford some guidance to the District Court as to the particulars of the Plaintiff's claims, nonetheless, in the absence of a formal pleading, the Defendant will not be afforded notice as to those particulars, in order that a responsive pleading may be served and filed. We believe that both parties should specify their respective claims, and defenses, in the pleadings contemplated by the

Federal Rules of Civil Procedure, so as to prevent those claims, or defenses, from substantive change, sub silentio, as the case progresses to the dispositive Motion phase -- a prospect we find untenable.

Accordingly, we will allow the Plaintiff to amend her Complaint so as to formally request judicial review of the Department of Education's Hearing Decision of December 3, 2002, and to particularize the bases for reversing that Decision, and we direct the Defendant to serve and file its Answer to the Amended Complaint, specifying its defenses to any such reversal. Counsel for the parties should then "meet and confer," as to a briefing schedule for the submission of cross-Motions for dispositive relief.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend her Complaint is GRANTED, but solely to the extent of pleading a basis for a judicial review of the Department of Education's Hearing Decision of December 3, 2002, and that, consistent with the applicable Rules of Civil Procedure, the Defendant shall timely serve and file an Answer to the Amended Complaint.

2. That the Plaintiff's Motion to Deny Dismissal, or Summary Judgment, is DENIED as moot.

3. That the Plaintiff's Motion to extend the deadline for the filing of Motions to Amend a Pleading is GRANTED, but only to the extent of her filing of the Motion to Amend that is currently before the Court.

4. That counsel for the parties are directed to conduct a "meet and confer" so as to establish a briefing schedule on their anticipated cross-Motions for dispositive relief.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE