UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol Jane Roth, Civil File No. 02-820 (PAM/RLE)

Plaintiff,

v. **MEMORANDUM AND ORDER**

United States of America,

Defendant.

---

This matter is before the Court on the parties' cross-Motions for Summary Judgment. For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## BACKGROUND

In 1969, Plaintiff Carol Jane Roth obtained student loans to attend Northwestern University. Roth borrowed a total of $1590 in principal. The loans became due in March 1971, and Roth made payments until 1982. At that time, the loans went into default. The university assigned the loans to the United States in 1986. Since then, the Government claims that the Department of Education ("DOE") has sent Roth more than thirty-five letters about the status of the loans. Roth denies receiving notice that the loans were in default from the DOE, or from a collection agency until 1999.

In an attempt to collect on the defaulted loans, the Government imposed "offsets," confiscating Roth's tax refunds and portions of her Social Security income to pay down the debt. The balance on Roth's debt is currently $929.39 in principal and $191.41 in interest.

Roth initially brought this action in Minnesota state court to enjoin the Government

FILED JUL 22 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D JUL 22 2003
DEPUTY CLERK

from collecting on her loans under the theory of laches. Roth asserts that the DOE failed to provide reasonable notice of the default status of her loans and of the DOE's intention to impose offsets. Finally, Roth explains her delinquency by noting that her ex-husband assumed the loan obligations pursuant to their divorce decree. Her former husband, now deceased, apparently failed to fully pay back the loans in violation of the divorce decree.

The Government removed the case to this Court and filed a Motion to Dismiss, or in the alternative for Summary Judgment. However, on September 12, 2002, this Court stayed the Motion, pending an administrative appeal before the DOE. On December 3, 2002, the Hearing Officer for the DOE approved the offsets. Roth amended her Complaint to include a request for judicial review of the Hearing Officer's decision.

The Government moved for summary judgment on Roth's Amended Complaint. Subsequently, Roth cross-moved for summary judgment. The Court reviews this case under the Administrative Procedure Act, 5 U.S.C. §§ 701, 706(2)(a)-(c).

## DISCUSSION

### A. Summary Judgment Standard

The parties move for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which provides that such a motion shall be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, Courts must view the evidence and the inferences that may be reasonably drawn from the

evidence in the light most favorable to the non-moving party. Enter. Bank v. Magna Bank, 92 F.3d 740, 747 (8th Cir. 1996). The burden of demonstrating that there are no genuine issues of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. Agency Review**

Agency action can only be set aside as arbitrary and capricious if the agency:

> relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Cent. S.D. Co-op Grazing Dist. v. Sec'y of United States Dep't of Agric., 266 F.3d 889, 894 (8th Cir. 2001) (quoting Motor Vehicle Mfrs. Ass'n v. State Farm, 463 U.S. 29, 43 (1983)). Moreover, "the standard of review is narrow and a court is not to substitute its judgment for that of the agency." Id., at 895. Accordingly, under this standard of review, agency decisions receive "a high degree of judicial deference." Mo. Limestone Producers Ass'n, Inc. v. Browner, 165 F.3d 619, 621 (8th Cir. 1999) (quoting Dubois v. Thomas, 820 F.2d 943, 948-49 (8th Cir. 1987)). In this case, Roth primarily asserts that the Hearing Officer abused her discretion by not considering the following issues. First, Roth complains that the

Hearing Officer misapplied the doctrine of laches. Second, Roth alleges that the Hearing Officer failed to consider that the DOE had her correct address on file, yet sent the notice to the wrong address. Correspondingly, Roth alleges that the offset began before she received actual notice of the DOE's intention to impose offsets.

### C. Applicability of Laches

Roth claims that the Government waived its right to collect on her defaulted student loans because it did not commence collection actions against her for a period of several years. In response, the Government contends that 20 U.S.C. § 1091a(a)(2), as amended by the Higher Education Technical Amendments of 1991, abrogated the laches doctrine as a defense against the Government in student loan collection cases. This Court agrees.

The Fifth Circuit Court of Appeals held that in eliminating the statute of limitations defense, Congress also eliminated the laches defense against the Government in student loan collection actions:

> Although we have never directly addressed this question, several other circuits have held that § 1091a negates any limitations defense. Today we follow those circuits that have decided the issue and conclude that § 1091a eliminates all limitations defenses for collection of student debts. Further, we adopt the district court's holding that § 1091a also extends to eliminate the equitable defense of laches.

United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001). The Lawrence court grounded their decision in the statutory language of § 1091a which provides that:

> (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the

period within which debts may be enforced.

> (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by–[the DOE].

20 U.S.C. §§ 1091a(1), (2).

Similarly the Eighth Circuit held that the Higher Education Technical Amendments of 1991 eliminated the six-year statute of limitations for student loan collections. See United States v. Hodges, 999 F.2d 341, 342 (8th Cir. 1993). Therefore, this Court finds that laches does not apply against the Government in student loan collection cases.

**D. Merits of the Laches Theory**

Even if laches did apply, Roth has not created a fact issue on whether the Hearing Officer was arbitrary or capricious in her decision that Roth failed to prove either of the elements of laches. The Hearing Officer based her findings on the fact that the DOE made numerous attempts to contact Roth soon after assuming control of the loans from Northwestern University. Further, the Hearing Officer correctly determined that the DOE could use the address noted on the debtor's most recent tax return. 31 C.F.R. § 285.2(d)(2)(i) ("[A] creditor agency has made a reasonable attempt to notify the debtor if the agency uses the current address information contained in the agency's records related to the debt. Agencies may, but are not required to, obtain address information from the IRS . . . .") Finally, the Hearing Officer reasonably concluded that to satisfy its obligation to provide notice to the debtor, the DOE need not prove that Roth actually received notice. See Kerr

v. Charles F. Vatterott & Co., 184 F.3d 938, 947 (8th Cir. 1999) (courts recognize rebuttable presumption that properly mailed document is received); see also Dusenbery v. United States, 534 U.S. 161, 170-71 (2002) (due process does not require proof of actual notice); Morse v. Internal Revenue Serv., 635 F.2d 701, 703 (8th Cir. 1980) (notice provisions of Internal Revenue Code, 26 U.S.C. §§ 6212, 6901, do not require actual receipt).

**CONCLUSION**

In passing 20 U.S.C. § 1091a, Congress intended to eliminate limitations defenses to the collection of student loans, including the doctrine of laches. Even assuming, however, that laches did apply, the Hearing Officer did not arbitrarily reject Roth's claims. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Clerk Doc. No. 36) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Clerk Doc. No. 34) is **GRANTED**.

Dated: July 22, 2003

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*